UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN CRUZ VARGAS,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-6475-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

## PROCEEDINGS

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Verified Petition for Writ of Habeas Corpus, etc." ("the Petition") on October 31, 2026. Respondents filed an Answer on November 9, 2026. Petitioner failed to file a timely Traverse.

## BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 1997. Petitioner has resided in the United States for decades, works as a

painter, and has no criminal record. Petitioner has fathered and supported five United States citizen children.

Agents of ICE arrested Petitioner without a warrant on October 16, 2026, while Petitioner was on his way to work. Petitioner has not been afforded a hearing or other opportunity to be heard in opposition to the necessity of detention.

**DISCUSSION**

Petitioner's arrest and detention violated federal statute, federal regulation and federal constitutional due process. Habeas relief will issue.

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate noncitizens' challenges to ICE detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12; Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19,

2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Federal statue and federal regulation prohibit a warrantless arrest of a noncitizen unless, inter alia, the immigration officer has "reason to believe" that the noncitizen "is likely to escape before a warrant can be obtained. . . ." 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(ii). On the present record, there is no evidence of any "reason to believe" Petitioner was likely to escape before a warrant could be obtained. See, e.g., Zaragoza v. Chestnut, 2026 WL 2049841 (E.D. Cal. July 15, 2026); see also Vasquez Perdomo v. Mullin, 2026 WL 2751388, at *31 (C.D. Cal. Sept. 2, 2026) (enjoining ICE and others "from enforcing their policy and practice of making warrantless civil immigration arrests in this District without a prearrest individualized determination by the arresting agent or officer of probable cause that the person being arrested is likely to escape before a warrant can be obtained . . ."). It should go without saying that federal agencies, including ICE, must follow federal law, including federal statutes and regulations. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954); see also Morton v. Ruiz, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."). It appears that ICE failed to do so in the present case.

Even more fundamentally, Petitioner's detention has violated his due process rights under the federal constitution. Constitutional due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded

notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

An alien who builds a substantial life in the United States over a period of many years after entering without inspection develops a constitutionally protected liberty interest in remaining out of custody. See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026) ("Ramirez-Serna"); see also Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberties the government wields significant discretion retain a protected interest in their liberty.").

Given Petitioner's liberty interest, the issue becomes one of determining "what process is due" attendant upon the events occurring on or after October 16, 2026. See Morrissey v. Brewer, 408 U.S. 471, 481 (1972). As previously indicated, due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews, 424 U.S. at 333. Contrary to Petitioner's apparent arguments, due process does not always require that an alien receive a pre-detention hearing; a post-detention hearing sometimes will suffice. See, e.g., Kafle v. Wofford, 2026 WL 2255203, at *4-5 (E.D. Cal. Aug. 5, 2026), adopted, 2026 WL 2644030 (E.D. Cal. Sept. 8, 2026). Under Mathews, the Court considers three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

In the present case, application of the Mathews factors might well conclude that a prompt post-deprivation hearing would have satisfied due process. Such a conclusion

would be academic, however. The Government did not give Petitioner a prompt post-deprivation hearing. Rather, the Government maintained Petitioner in detention without a hearing for approximately a month.

A belated bond hearing now would not remedy the federal law violations Petitioner has suffered. See, e.g., Tello Vazquez v. Mullin, 2026 WL 1911507, at *3; Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (immigration judge's post-detention decision to deny bond cannot support continued detention where the underlying arrest and detention violated the petitioner's due process rights); accord Ghulyan v. Semaia, 2026 WL 788213 (C.D. Cal. March 20, 2026); E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy").

The proper remedy is to require Petitioner's release on reasonable conditions and to restrain Respondents from re-detaining Petitioner in violation of his due process rights. See, e.g., Tello Vazquez v. Mullin, 2026 WL 1911507, at *4; Wu v. Chestnut, 2026 WL 1906294, at *2-3; Grigoryan v. Lyons, 2026 WL 2032230, at *2; see also Ramirez-Serna v. Mullin, 2026 WL 1514337, at *7 (C.D. Cal. May 28, 2026); Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025). As to the latter, numerous judges of this Court, as well as other judges within the Ninth Circuit, have ordered such procedural protections, often while expressly affirming the Court's jurisdiction to do so. See, e.g., Patel v. Bowen, 2026 WL 3027234 (C.D. Cal. Oct. 8, 2026); Martinez v. Mullin, 2026 WL 2970607 (C.D. Cal. Oct. 2, 2026); Singh v. Warden, 2026 WL 2276888 (C.D. Cal. Aug. 6, 2026); M.S. v. Chestnut, 2026 WL 2110882 (E.D. Cal. July 22, 2026); R.N.G. v. Semaia, 2026 WL 2089544 (C.D. Cal. July 14, 2026); Cu v. Marin, 2026 WL 1999356 (C.D. Cal. July 9, 2026); P.M.A. v. Warden, 2026 WL 1983415 (E.D. Cal. July 8, 2026); Zhao v. Semaia, 2026 WL 1786805 (C.D. Cal. June 22, 2026); Araujo-Contreras v. Janecka, 2026 WL 1625368 (C.D. Cal.

June 3, 2026); Mendoza v. Blanche, 2026 WL 1383273 (D. Nev. May 18, 2026); Molina v. Dicus, 2026 WL 1454998 (C.D. Cal. May 18, 2026); Bekhoev v. Marin, 2026 WL 1365631 (C.D. Cal. April 28, 2026); Le v. Chestnut, 2026 WL 809891 (E.D. Cal. March 24, 2026); Meza-Hernandez v. Marin, 2026 WL 561381 (C.D. Cal. Feb. 25, 2026); Singh v. Marin, 2026 WL 431142 (C.D. Cal. Feb. 13, 2026).

## CONCLUSION

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and: (a) ordering Respondents to release Petitioner (A# 222-570-807) from detention immediately, subject to reasonable conditions; (b) declaring that Petitioner's detention violated Petitioner's due process rights; and (c) enjoining Respondents from any further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.[1]

DATED: November 16, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[1] Petitioner has failed to justify any different or additional form of habeas relief.